UNITED STATES COURT OF APPEALS
FOR THESECOND CIRCUIT
THURGOOD MARSHALL U.S. COURTHOUSE CHIEF JUDGE : DEBRA ANN
LIVINGSTON TITLE:WATSON V. GUERRA DOCKET #:22-1364 FROM
DECISION OF

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Watson v. Bojkovic et al
New York Eastern District Court
Judge:     Brian M Cogan

Referred:   Lois Bloom/Taryn A. Merkl

Case #:     1:17-cv-05137

Reply Brief and Mutual request and desire for oral argument,

Honorable Judges, Plaintiff MATTHEW WATSON would also like to have an oral argument and is more than willing to accommodate any date the Courts and Honorable Judges can find to address the areas of contention. Lacking space Appellant will keep this reply short.

PLAINTIFF MATTHEW WATSON will first issue a disclaimer to the following assertions of JOHN GUERRA and the CITY OF NEW YORK

1.PLAINTTIFF and APPELLANT MATTHEW WATSON never, ever at any point of Pre-trial Litigation received a notice or copy of the THREE WORD RECORDING that was utilized as impeachment evidence. For 5 years, JOHN GUERRA AND THE CITY OF NEW YORK had relied upon the ARREST DISPOSITION as the evidence they would put forth in the event of trial,

however after the case going through the hands of lawyers HAILEY BARTHEL, KAVIN THADANI, NAKUL SHAH, PETER BROCKER, EVAN GOTTSTEIN and RICHARD BAHRENBURG it is understandable that such a fact could have been overlooked.

In Merit the recording was so short, literally only three or four words, that not enough basis was applied to understand the context. In Said recording Plaintiff and appellant literally confirmed the injuries he suffered but the defense of JOHN GUERRA legal team was that said injuries occurred from being taken to the ground and not from the sustained punch to the eye and face. It is again affirmed. It is customary in law for Impeachment evidence to be last minute from time to time with approval by the Honorable Judge and courts. However it is also customary for defense teams to say whatever is necessary, whether true or not to defend and indemnify their client. See

**New York Consolidated Laws, General Municipal Law - GMU § 50-j.**

**Liability of police officers for negligence in the performance of duty**

6. a. In addition to the requirements of subdivision one of this section, upon discretionary adoption of a local law, ordinance, resolution, rule or regulation, any city, county, town, village, authority, or agency shall provide for the defense of any civil action or proceeding brought against a duly appointed police officer of such municipality, authority or agency and shall indemnify and save harmless such police officer from any judgment of a court of competent jurisdiction whenever such action, proceeding or judgment is for punitive or exemplary

damages, arising out of a negligent act or other tort of such police officer committed while in the proper discharge of his duties and within the scope of his employment. Such municipality, authority or agency is hereby authorized and empowered to purchase insurance to cover the cost of such defense and indemnification.

2. The second assertion Appellant MATTHEW WATSON would contest which is a very sensitive and issue, IT IS AGAIN STATED that MATTHEW WATSON WAS INSIDE his DRIVEWAY prior to and during the entire interaction with officers. MATTHEW WATSON WALKED from in front his door to CLEARLY AND RESPECTFULLY showcase to officers innocence, submission and courtesy as respected authority. AT NO POINT WAS there an attempt to flee as officers knew exactly where the arrestee lives and resides, AT NO POINT was there physical or verbal resistance, which even arrest paperwork can show case. Lastly there was no need to for MATTHEW WATSON TO be grabbed abruptly and with no verbal indication taken to the ground.

A NATURAL PERSON ASKING are they being SEARCHED OR ARRESTED on THEIR PRIVATE PROPERTY, should not be deemed as an indication or intention to resist a lawful or unlawful arrest. PATROL SERGEANT and often sued Sean Claxton clearly did not approve of ARRESTEE MATTHEW WATSON insinuating that he was not smoking in public nor smoking at the moment although he admitted to smoking minutes before which would lead to the odor that caused police to reverse back in front of MATTHEW WATSON's

driveway and ask the question "SIR THIS IS ON PUBLIC RECORD ARE YOU SMOKING IN PUBLIC" ?

APPELLANT MATTHEW WATSON can not sit back and allow PERJURED facts to justify the ASSAULT of his PERSONS and deprivation of CONSTITUTIONAL RIGHTS and then have the same assault and use of force be denied on official POLICE DOCUMENTS that warrant and warn of punishment for misprision and false statements.

IN THIS BRIEF SUBMITTED BY JOHN GUERRA and The city of NEW YORK,

See PAGE 18 of APPELLEE's BRIEF, it states

"They all testified that although they used some degree of Force to place Watson in handcuffs- due to his failure to comply with their directives- none of them punched him in the face or anywhere else."

Yet arrest paperwork submitted by JOHN GUERRA and SIGNED By ALL THREE OFFICERS insinuate NO FORCE was utilized.

SO APPELLANT MATTHEW WATSON begs the question; IF THERE WAS FORCE UTILIZED and it was reasonable ? Why is it denied to have been of use on the ARREST PAPER WORK that clearly and directly asks if force was utilized and for what purpose ?

3. Another point of contention, is the fact that MATTHEW WATSON DID indeed ask to see medical personnel at the precinct, as his eye was beginning to hurt, burn and swell. He was told that if he saw outside medical personnel it

would postpone his release and because of the fact his front door was left unlocked he wanted hurry up And return home to rectify the matter and not make his family aware of the fact he was arrested, he chose not to go to the hospital. Appellant has documents solidifying the fact he saw medical personnel of the CITY OF NEW YORK. To further show the POLICE DEPARTMENTS intention to suppress the USES of force, the CCRB had to issue a subpoena to gain access to the documentation of the visit and even that very documentation suppressed the existence of his EYE injury that he complained about and clearly indicated how it was sustained.

4. On Page 20 of APPELLEE's brief it is stated that the district court did not "abuse its discretion by precluding evidence of prior allegations of misconduct against Officer Guerra and the other arresting officers because Watson sought to use that evidence for an improper propensity purpose"

The use of officers past faults and disciplinary histories have been a contention all across the countries courts; so much so that the statute allowing the suppression of such merits has been repealed to allow for more thorough review of claims made against Public Servants. In this

**New York Consolidated Laws, Civil Rights Law - CVR § 50-a**

The history of these officers would have allowed APPELLANT to not seem as though he has a Bias/gripe with or against Police Authority as a man of Color, that threats of prolonged custody and false charges are not something New for Sergeant Claxton and the arrestees he assaults or who question Material facts of his arrests.

5. Page 22 of APPELLEE's brief states

"ALTHOUGH ostensibly appealing the district courts's final judgement and the 2018 summary judgement order Watson's brief makes no arguments about summary judgment"

hich is also an immaterial statement as he has sought an interlocutory appeal in the District Court which went without response or address and a 28 U.S. Code § 1631 - Transfer to cure want of jurisdiction to cure the lack of desire to pursue the FEDERAL and STATE LAW CLAIMS that WATSON sought to base his claim and violations of his persons on instead of the broad coverings of Common Law that are not as clearly defined. It is the CITY OF NEW YORK and the trial court that then interpreted the state and federal statutory law claims as the common law claims they sought to address. Especially true as the City of New York was given the chance to submit their Summary Judgement claims first although Plaintiff MATTHEW WATSON had been preparing to do so for much time. The SUMMARY JUDGEMENT finding overlooked key elements in the Use of Force and rushed to the conclusion that Plaintiff MATTHEW WATSON was deserving of being taken to the ground as a reasonable use of force while acknowledging the fact that officers in fact stated that they did not use any force. A body slam is a legitimate and documentable use of force and any NATURAL PERSONS would agree had they ever suffered the like with no form of warning notice, reason or sense of escalation.

"To establish that "the use of force to effect an arrest was unreasonable and therefore a violation of the Fourth Amendment, [a plaintiff] must establish that the government interests at stake were outweighed by 'the nature and quality of the intrusion on [the plaintiff's] Fourth Amendment interests.'" Amnesty Am., 361 F.3d at 123 (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)). "[T]he factfinder must determine whether, in light of the totality of the circumstances faced by the arresting officer, the amount of force used was objectively reasonable at the time." Id. (citing Graham, 490 U.S. at 397). This analysis "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. (quoting Graham, 490 U.S. at 396). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Tracy, 623 F.3d at 96 (quoting Graham, 490 U.S. at 397). Importantly, "[g]iven the fact-specific nature of the inquiry, granting summary judgment against a plaintiff on an excessive force claim is not appropriate unless no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable." Id. (citing O'Bert v. Vargo, 331 F.3d 29, 37 (2d Cir. 2003)).

"Here, there is no dispute that plaintiff resisted the officers' attempts to arrest him. That resistance entitled the officers to use a reasonable amount of force to effectuate plaintiff's arrest. They used their collective strength to bring plaintiff to the ground, so they could put him in handcuffs. Plaintiff sustained no serious injury. Under these circumstances, no reasonable jury could conclude that the

force used to bring plaintiff to the ground was excessive. See, e.g., Freshwater, 623 F.3d at 98 ("Given that [the plaintiff] was clearly resisting arrest at that point, it was not unreasonable for [the officer] to respond by diving on top of [the plaintiff] and pinning him down so that he could not get back up and continue to flee.")

Although the arrest report states that "Deft did flail arms and refused to be cuffed while A/O attempted to place deft under arrest," and further states that no physical force was used,"

In Judge Cogan's ruling on summary judgment he himself alluded to the concept that
Under New York law, "[a] constitutional tort claim is barred when a claimant has an alternative legal remedy to protect his or her constitutional rights." See, e.g., Deleon v. State, 64 A.D.3d 840, 840,882 N.Y.S.2d 351, 352 (3d Dep't 2009). In Brown v. State, 89 N.Y.2d 172, 186, 652 N.Y.S.2d 223, 1137 (1996), the New York Court of Appeals – citing Bivens – implied a cause of action for damages for violations of the equal protection and search and seizure clauses of the New York State Constitution. The Court recognized that the plaintiffs' only other avenue of redress in that case, which was injunctive and declaratory relief, was wholly insufficient to deter future police misconduct like the kind at issue there. As a result, it implied a constitutional cause of action as a means for those plaintiffs to obtain monetary damages

In Martinez v. City of Schenectady, 97 N.Y.2d 78, 83, 735 N.Y.S.2d 868, 872 (2001), the Court of Appeals explained that its holding in Brown created a "narrow remedy" that is available to litigants only when necessary to address two specific interests: "the private interest that citizens harmed by constitutional violations have an avenue of redress, and the public interest that future violations be deterred." Id. In other words, Brown is only an option when these dual interests cannot be satisfied through other means. **In Martinez, the Court of Appeals found that suppressing evidence obtained through a violation of Article I, Section 12 of the constitution was a more appropriate means of addressing the dual interests expressed in Brown than implying a private right of action for monetary damages. The Court explained that "[r]ecognition of a constitutional tort claim [must be] necessary to effectuate the purposes of the State constitutional protections**

**plaintiff invokes, [and] appropriate to ensure full realization of [the plaintiff's] rights." Id. at 871**.

**In reality a motion to suppress evidence was made and completely overlooked**



OFFICE OF THE DISTRICT ATTORNEY, KINGS COUNTY

RENAISSANCE PLAZA at 350 JAY STREET
BROOKLYN, N.Y. 11201-2908
(718) 250-2000

KENNETH P. THOMPSON
*District Attorney*

THE PEOPLE OF THE STATE OF NEW YORK

- against -

WATSON, MATTHEW    K16639710

Defendant(s)

**NOTICE PURSUANT TO CPL 710.30(1)(a)**

    Please take notice that statements in the form noted below were made by the defendant or by a co-defendant to be tried jointly, other than in the course of the criminal transaction, to a public servant engaged in law enforcement activity or to a person then acting under the direction of or in cooperation with such a public servant. Please take further notice that the People intend to offer evidence of the below statement(s) of the defendant(s) on the People's direct case at trial of this action. A transcript of any stenographically recorded statement(s) or copy of any written statement(s) are either appended or will be made available to counsel at a mutually convenient time. A copy of any electronically recorded statement(s) will be provided counsel following the receipt of an appropriate blank cartridge.

WATSON, MATTHEW

    Form of Statement  Oral      Date and Time 05/29/16 01:50    Place  F/O 244 EAST 89 STREET
    To Whom Made   JOHN GUERRA, shield:1552, CMD:067    Tape No.
    Substance of above statement:
DEFENDANT STATED IN SUM AND SUBSTANCE I CAN SMOKE ON MY PROPERTY.

D000096

That document and "sum" of statements was apparently a NOTICE PURSUANT TO CPL 710.30(1)(A) .

Accordingly that law governs

710.30  Motion to suppress evidence

*1.  Whenever the people intend to offer at a trial (a) evidence  of  a  statement  made  by  a defendant to a public servant, which statement if  involuntarily made would render the evidence thereof  suppressible  upon  motion pursuant to subdivision three of section 710.20, or* (b) testimony regarding an observation of the defendant either at the time or place of the  commission  of  the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him  as such,  they  must  serve  upon the defendant a notice of such intention, specifying the evidence intended to be offered.

subdivision three of section CPL710.20 - Motion to suppress evidence; in general; grounds for

1. Consists of tangible property obtained by  means  of  an  unlawful search  and seizure under circumstances precluding admissibility thereof in a criminal action against such defendant; or

2. Consists of a record or potential testimony reciting or describing declarations,  conversations,  or  other  communications  overheard, intercepted, accessed, or recorded by means of eavesdropping, or observations made by means of video surveillance, obtained  under  circumstances  precluding  admissibility  thereof  in  a criminal action against such defendant; or

*\*3.  Consists of a record or potential testimony reciting or describing a statement of such defendant involuntarily made, within the meaning  of section 60.45; or*

4.   Was  obtained as a result of other evidence obtained in a manner  described in subdivisions one, two and three; or

Ok what does that mean ?

**CPL 60.45**

**1.   Evidence of a written or oral confession, admission, or other statement made by a defendant with respect to his participation or lack of participation in the offense charged,**

**may not be received in evidence against him in a criminal proceeding if such statement was involuntarily made.**

**2. A confession, admission or other statement is "involuntarily made" by a defendant when it is obtained from him:**

**(a) By any person by the use or threatened use of physical force upon the defendant or another person, or by means of any other improper conduct or undue pressure which impaired the defendant's physical or mental condition to the extent of undermining his ability to make a choice whether or not to make a statement; or**

**(b) By a public servant engaged in law enforcement activity or by a person then acting under his direction or in cooperation with him:**

**(i) by means of any promise or statement of fact, which promise or statement creates a substantial risk that the defendant might falsely incriminate himself; or**

**(ii) in violation of such rights as the defendant may derive from the constitution of this state or of the United States.**

**JOEL BERGER**

ATTORNEY AT LAW

360 LEXINGTON AVENUE, 16TH FLOOR
NEW YORK, N.Y. 10017-6502

TELEPHONE (212) 687-1425
FAX (212) 687-1406
EMAIL: JOELBERGER1955@YAHOO.COM

February 14, 2018

Mr. Matthew Watson
244 East 89th Street, # 2
Brooklyn, NY 11236

Re: 17 CV 05137 (EDNY)

Dear Mr. Watson:

I have reviewed the court file of your case, and regret that I am unable to be of assistance to you.

I see from the docket sheet that there has been some difficulty serving some of the defendant officers at their current commands. Please be advised that the current command of any NYPD officer can be obtained by calling (646) 610-5130 (the "Wheel"), a unit of the NYPD's Personnel Office.

You are correct that the Class B misdemeanor of criminal possession of marijuana (Penal Law Sec. 221.10 (1)) requires that you possess the marijuana "in a public space." Even if the possession meets the other requirements of Sec. 221.10 (1) -- that the marijuana be "burning or open to public view" -- possession must still be in a "public space" as defined by Penal Law Sec. 240.00. The private yard of a private residence would not meet the definition of Section 240.00. Accordingly, smoking marijuana in the privacy of one's home or private yard is not a misdemeanor, If your description of the incident is correct, you were guilty only of simple Unlawful Possession of Marijuana, Penal Law Sec. 221.05, for which the only penalty for a first offender is a $100 fine.

Criminal Procedure Law Sec. 150.75 allows an officer to arrest an alleged violator of Penal Law Sec. 221.05, but also requires that "an appearance ticket shall promptly be issued and served upon him" so long as he has valid ID with a valid address. I am not familiar with the latest case law and Patrol Guide interpretation of Sec. 150.75, but it does leave room for the City to argue that you could be arrested and brought to the precinct before being issued a Desk Appearance Ticket (DAT). However, if the only charge is violation of Penal Law Sec. 221.05 and one has valid ID, CPL 150.75 prohibits the police from running the arrestee through Central Booking.

I hope this information is helpful to you. Please be advised that although Magistrate Judge Bloom is very conscientious in administration of *pro se* cases, she understandably does not tolerate *pro se* plaintiffs missing court dates. The docket sheet reflects that you missed two court dates before showing up for the latest date, and you must be careful to avoid any repetition of that behavior.

Good luck in your efforts.

Very truly yours,

Joel Berger

P.S. Enclosed is a copy of the Complaint in *Clarke* (13 CVVV 1249), alleging behavior by Sgt. Claxton similar to the allegations of your case, including the threats to allege a baseless charge of assault upon an officer. You may wish to call the *Clarke* allegations to Judge Bloom's attention, particularly with regard to your efforts to obtain Claxton's NYPD and CCRB disciplinary records. We settled for a low sum ($12,000) because Mr. Clarke was about to enter the armed forces and just wanted to get it over with. At the time of the settlement he had CCRB complaints against Claxton pending (Case #s 201212317 & 201212406); I do not know what became of them. Mr. Clarke was a very impressive client and by now he is probably out of the Army.

PD 244-150 (Rev. 12-99)-Pent-RMU  Fax:  Jun 14 2016 11:27am  P002/003

**SECTION I - TO BE COMPLETED BY N.Y.P.D.**

Date: 5/29/16

Prisoner's Name (Last, First, M.I.) (Print): Watson, Matthew
Age: 27  Sex: M
Address: 244 East 89 st
Telephone No.: 718-629-95..

Arresting Officer: PO Guerra
Shield No.: 1562  Tax Reg. No.: 940223  Command: 67

Arrest No.: S166397104
Cmd. Of Arrest: 67
Charge: CPMarihuana

Escort Officer: PO GAMEY
Shield No.: 9855  Tax Reg. No.: 933590  Command: 67

Prisoner Requests/Requires Medical Aid: ☐ Yes ☒ No
Prisoner Refused Medical Aid: ☒ Yes ☐ No
Date: 5/29/16  Time: 1:03
Prisoner's Signature: [signed]

Attempted Suicide: ☐ Yes ☒ No

Remarks: Left hand hurts - bruising with some swelling. RMA.

---

Prisoner Refused Medical Aid In The Field: ☒ Yes ☐ No
Prisoner Refused Medical Aid At The Command: ☒ Yes ☐ No
Prisoner Refused Medical Aid Within The Court Section: ☒ Yes ☐ No
Recommend Prisoner Be Separated From General Population: ☐ Yes ☒ No

**SECTION II - TO BE COMPLETED BY HOSPITAL MEDICAL STAFF**

NYPD Court Section Supervisor: SGT ZENG  Court Section: BCS  Date: 05/29/16  Time: 11:15

# ON LINE BOOKING SYSTEM ARREST WORKSHEET
PD 244-159 (Rev. 04-12)

Fax: May 29 2016 02:32am P012/021

| Arrest No. | Arrest Pct. | Sector | DAT ☐ Yes ☐ No | Return Date | Officer Excused ☐ Yes ☐ No | Special Event Code |
|---|---|---|---|---|---|---|
| | | | | | | |

**COMPLETE THIS SECTION ONLY FOR AN ARREST WHEN A COMPLAINT REPORT WAS PREVIOUSLY PREPARED**

| Original Complaint Pct. | Compl. # | Date | Offense | Complainant's Name (Last Name, First, M.I.) |
|---|---|---|---|---|

**REQUIRED ONLY FOR AN OCCB ARREST AND AN ARREST NOT REQUIRING A COMPLAINT REPORT**

(section crossed out with N/A)

**THE FOLLOWING INFORMATION MUST BE COMPLETED FOR ALL ARRESTS**

Department: NYPD
Command: 67
Shield No: 1562
Rank: PO
Last Name: GUERRA
First: John
On Duty: ☑ Yes
In Uniform: ☐ Yes ☑ No
Squad/Chart: A/C
Primary Assignment: ☑ Anti-Crime
Strip Search Conducted: ☑ No
Force Used: ☐ Yes ☑ No
Arresting Officer Injured: ☑ No

Time: 0155
Date: 5/29/16
Address/Location Of Arrest: ☑ In Front Of 244 E 89th St

Last Name: WATSON
First: Matthew
Date Of Birth: 5/31/88
Age: 27
Occupation: cook

Physical Condition: ☑ Apparently Normal

**CHARGES**

| | ATTEMPT? | LAW | SECTION | SUB. | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| Top Chg. | ☐ Yes ☑ No | PL | 205.30 | | M | A | 1 | Resisting Arrest |
| 2nd Chg. | ☐ Yes ☑ No | PL | 221.10 | 01 | M | B | 1 | CPM Burning in Public |
| 3rd Chg. | ☐ Yes ☑ No | PL | 221.05 | | V | | 1 | UPM |
| 4th Chg. | ☐ Yes ☐ No | | | | | | | |
| 5th Chg. | ☐ Yes ☐ No | | | | | | | |

**Narrative:** At T/P/O, A/O observed deft smoking a lit marijuana cigarette in above public. Deft did flail arms + refuse to be cuffed while A/O attempted to place deft under arrest. SILA deft was found in possession of a marijuana cigarette.

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

**WATSON**

v.

**Guerra**

**CERTIFICATE OF SERVICE***

Docket Number: 22-1364

I, **MATTHEW WATSON** (print name), hereby certify under penalty of perjury that on **9-17-2024** (date), I served a copy of **Certificate of Service, Reply Brief/Disclaimer**

(list all documents)

by (select all applicable)**

___ Personal Delivery     ___ United States Mail     ___ Federal Express or other Overnight Courier

___ Commercial Carrier    ___* E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Phillip W. Young | 100 Church Street | New York | NY | 10007 |
| Phyoung@law.nyc.gov | | | | |
| New York City Law Department | 100 Church Street | New York | NY | 10007 |
| serviceecf@law.nyc.gov | | | | |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

**9-17-2024**
Today's Date

Signature

Certificate of Service Form (Last Revised 12/2015)